# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 30, 1920.

JAMES T. BRIGHT
VS.
LILLIAN R. GOLDSBOROUGH AND ARISTIDES S. GOLDSBOROUGH.

*Isaac Lobe Straus* and *J. Paul Schmidt* for plaintiff.

*A. S. Goldsborough* for defendants.

DAWKINS, J.—

This is a case that would not have been brought in Court save for the rapid rise in prices of real estate that has taken place in the last several months. There are some strong considerations that should be carefully considered. There is so much of equity on one side of the proposition submitted that it might seem a hardship to uphold any theory that would tend to defeat the consummation of such view of the proposition.

The facts are substantially as follows: After some negotiations, offers and counter offers the plaintiff and Mr. Goldsborough reached an agreement to buy the property involved in the controversy for $16,000.00, whereupon a check for $500 was signed, said check being made payable to "A. S. Goldsborough, agent," and a receipt was given signed to A. S. Goldsborough. A contract in duplicate was prepared by the plaintiff and left with Mr. Goldsborough to be executed by Mrs. Goldsborough. There is a conflict in the testimony, but the contract was meant to be signed or it would not have been prepared by Mr. Bright. Mrs. Goldsborough signed the contract and then apparently for the first time the defendants took up an investigation to ascertain the real and proper value of the property. In the meantime the plaintiff deeming the sale was all right, almost immediately resold the property at an advance over the price that he was to pay for it. This fact must have reached the ears of the defendants, but unfortunately for the plaintiff's contention, Mr. Goldsborough, who according to his statement was acting for his wife after she signed the contract, if not before, retained the signed paper until the information as to the fair selling price was obtained. The result of the investigation was that $16,000.00 was not considered enough for the property and the deposit was returned and the contract was not delivered. The question is can such a contract be enforced?

It has been ably and earnestly argued that the full and complete agency of Mr. Goldsborough is established by the fact that the check was by the general facts and circumstances, and especially written and accepted as agent. This check was drawn by Mr. Bright. The receipt was signed by Mr. Goldsborough. Both parties are lawyers. Presumably they know the face and effect of the two papers. If these were to be binding on Mrs. Goldsborough why have any contract? This would seem to be clearly not sufficient

to empower Mr. Goldsborough to make a binding contract for the land. Certainly not if the undelivered contract represents the terms and conditions of the sale the check and receipt do not constitute a valid contract that could be enforced by either party. It is contended that the agency is clearly implied from the correspondence. This would seem to be true save for the fact that in dealing with Mrs. Goldsborough's property Mr. Goldsborough does not seem to at any time to have acted as if he had the power to sell without his wife's knowing of the sale and confirming his acts. Mrs. Goldsborough does not testify. The testimony offered tending to deny the wife's prior knowledge of the sale fails to do it.

Mr. Goldsborough asserts most positively that he never at any time allowed himself to sell any of his wife's land. The facts of managing property, paying bills, collecting rents, etc., do not clothe an agent with power to sell. There is much "I-ing" and "we-ing" as stated in the correspondence, and it is probable that the ideas and opinions of Mr. Goldsborough were the controlling forces in handling the property, but she was consulted, and the consulting with and reference to her apparently caused the withholding of the confirmation of the sale, and whilst the plaintiff believed that he had bought the property from the one who had full authority to sell it, yet he could not have thought that he had gotten a contract binding upon the owner until the papers were signed. The signing of the contract can not avail the plaintiff since it was not delivered.

There is no question that an agency can be established by surrounding facts and circumstances and acts of the parties. It is likewise true that the acts of an agent may be confirmed and ratified by the parties (such as was stated could be done in Carrington vs. Turner. 101 Md. 438), but here we have a state of facts that do not fall in line with the cases cited. The best answer apart from Mr. Goldsborough's statements is the fact of the contract containing the items of the agreement was prepared by Mr. Bright and left for Mrs. Goldsborough's signature. The plaintiff in urging the sending to him of the contracts when they were not promptly sent to him, recognized the necessity for having them signed and delivered to Mrs. Goldsborough to complete the transaction. We can not force them to do something that they have not agreed to do.

I do not think the cases cited can help us in getting away from the fact that a contract not completely signed and delivered can be enforced, even though I believe that when the parties parted on the day the check was handed over and the receipt given they thought the transaction was closed. We can not enforce a memorandum of contract made out by check and receipt alone in view of the uncontradicted statements of the one defendant who testified as to the purpose of holding back the confirmation on the part of the party in interest, taken in connection with the circumstances detailed by him.

For the reasons given the bill will have to be dismissed.